IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY J. WAGGONER                                        PLAINTIFF

vs.                           Civil No. 04-4113

JO ANNE B. BARNHART,
Commissioner, Social Security Administration               DEFENDANT

## **MEMORANDUM OPINION**

**Factual and Procedural Background:**

Billy J. Waggoner (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his application for disability and disability insurance benefits (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

Plaintiff filed his appeal on July 29, 2004 (Doc. #1). The procedural history of the administrative proceedings is contained in the appeal briefs submitted by the parties (Doc. # 5 and 6), and will not be recounted herein, except as is necessary.

Plaintiff alleges that he is disabled due to: disc degeneration of L4-5 and L5-S1; mild posterior central subligamentous protrusion at L4-5 without significant associated neural compromise; mild posterior bulge at L5-S1 causing mild inferior L5 foraminal narrowing bilaterallly; lumbar back pain; sciatica; removal of tumor on hipbone; continued pain in the hip; radiculopathy in the lower extremities; dropped foot; fatigue; depression; insomnia; heart palpitations; numbness; loss of balance; decreased range of motion; shoulder pain; and, nerve

damage.

Plaintiff asserts that the Administrative Law Judge (hereinafter "ALJ"), erred in rendering a decision finding Plaintiff not disabled (Doc. #1 & 5; T. 12-18).

The Plaintiff's administrative hearing was conducted by ALJ Nancy J. Griswold, on September 8, 2003 (T. 209-224), after which the ALJ rendered her written decision, dated February 10, 2004 (T. 12-18).

Plaintiff then sought review by the Appeals Council (T. 7). On June 26, 2004, the Appeals Council denied Plaintiff's request for review, thereby making the decision of the ALJ the final decision of the Commissioner (T. 4-6). On July 29, 2004, Plaintiff appealed the adverse decision to the United States District Court for the Western District of Arkansas (Doc. #1). This matter is now before the undersigned by consent of the parties (Doc. #3).

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.; Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).* Even if this Court might have weighed the evidence differently, the

AO72A
(Rev. 8/82)

decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992).

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

-3-

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

Plaintiff raises numerous arguments on appeal. Notably, Plaintiff argues that the Commissioner failed to carry her burden at step five of the sequential analysis by relying on the Medical Vocational Guidelines (hereinafter the "grids"), rather than obtaining testimony from a vocational expert (hereinafter "VE") (Doc. #5, pp. 1, 4, 5). Based upon a thorough review of the administrative record, the undersigned finds this argument persuasive. Implicit in this argument is the ALJ's failure to produce or question a VE during the administrative hearing, hence the absence of VE testimony upon which the ALJ could have relied. Additionally, the argument necessarily involves analysis of whether the ALJ conducted a proper analysis of Plaintiff's exertional and nonexertional impairments.

A claimant has the burden of proving that he does not have the residual functional capacity to perform his past relevant work. *Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998);* see *Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993).* Once he has met his burden at step four of the sequential analysis, the burden shifts to the Commissioner to prove that claimant can perform an alternative type of gainful employment. See *Beckley at 1059.* To fulfill this burden, the ALJ may refer to the medical-vocational guidelines or "grids" which are fact-based, generalized lists of available jobs for people of varying ages, educational backgrounds, and previous job experience. The "grids" also take into account the various degrees of exertional

impairment. See *Beckley at 1059;* see also *Foreman v. Callahan, 122 F.3d 24, 25 (8th Cir. 1997).* "Reliance on the grids is 'predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs' and therefore 'may not be fully applicable where the nature of an individual's impairment does not result in such limitations'" *Beckley at 1059*, (quoting *Foreman* and *20 C.F.R. Pt. 404, Subst. P, App.2, § 200.00(e)).*

When a claimant's nonexertional impairments diminish his residual functional capacity to perform the full range of work set forth in the guidelines, an ALJ must produce expert vocational testimony to establish there are jobs available in the national economy which Plaintiff is able to perform, in light of his exertional and nonexertional limitations. *Sanders v. Sullivan, 983 F.2d 822, 823 (8th Cir. 1992)(citing Thompson v. Bowen, 850 F.2d 346, 349-50 (8th Cir. 1988)).* Nonexertional limitations include: difficulty functioning due to being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing; difficulty tolerating some physical feature(s) of certain work settings (e.g., dust or fumes); difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *20 C.F.R. §§ 404.1569 and 416.969a(c).* Pain is a nonexertional limitation. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir. 1991).*

In determining whether the ALJ properly disregarded Plaintiff's subjective complaints, the Court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)* (subsequent history omitted)*, in evaluating her pain and credibility.

AO72A
(Rev. 8/82)

> The absence of an objective medical basis which supports the degree of severity
> of subjective complaints alleged is just one factor to be considered in evaluating
> the credibility of the testimony and complaints. The adjudicator must give full
> consideration to all of the evidence presented relating to subjective complaints,
> including the claimant's prior work record, and observations by third parties and
> treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>   2. the duration, frequency and intensity of the pain;
>   3. precipitating and aggravating factors;
>   4. dosage, effectiveness and side effects of medication;
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints
> <u>solely</u> on the basis of personal observations. Subjective complaints may be
> discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

However, in addition to the requirement that the ALJ consider the Plaintiff's allegations of pain, she also has a statutory duty to assess the credibility of plaintiff and other witnesses. *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992). The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir. 1993).

Here, Plaintiff seeks DIB benefits (T. 45, 48). The relevant time period for purposes of his application for DIB benefits begins with his alleged onset date of disability, which is January 14, 2001 (T. 45, 48). The relevant time period ends on the date of the ALJ's decision, February 10, 2004 (T. 18).

Here, Plaintiff's past relevant work consisted of being a tire maintenance worker, which required him to lift/carry objects weighing up to 100 pounds, as well as sitting, standing or walking for extended periods of time (T. 15). At step four of the sequential analysis, the ALJ

AO72A
(Rev. 8/82)

determined that Plaintiff no longer maintained the residual functional capacity to performing his past relevant work (T. 15, 17). Thus, the analysis proceeded to the fifth step, where the burden of proof shifted to the Commissioner.

The record in this case is replete with allegations of a wide variety of nonexertional functional limitations. Unfortunately, there is a litany of nonexertional impairments which were not addressed, analyzed or even mentioned by the ALJ. For example, in addition to complaints of numerous complaints of lumbar pain, Plaintiff testified and reported to medical providers that he experienced pain in many other parts of his body, including his: neck, chest, shoulders, hips, legs (T. 212, 214, 215, 220, 80, 84, 118, 119, 144, 143, 145, 146, 147, 162, 164, 165) much of which was attributed to the lipoma on his hip bone and the surgical removal thereof. In response to Plaintiff's complaints of pain, his physician's prescribed pain medications (T. 215, 117, 147, 202, 80, 103, 145, 89). Yet, the ALJ never conducted an analysis with regard to Plaintiff's pain (T. 12-18). In fact, the ALJ failed to determine if Plaintiff's complaints of pain were credible, or not credible. Plaintiff also testified and reported to his physicians that he often experiences fatigue (T. 80, 103, 145), decreased range of motion (T. 118), and numbness (T. 214, 215, 220). Plaintiff also testified that he frequently experiences loss of balance (T. 221, 222).

Many of Plaintiff's nonexertional complaints are supported by a corresponding medical condition. For example, Plaintiff's complaints of neck and shoulder pain correspond with the medical reconstruction performed on Plaintiff's shoulder. Plaintiff's complaints of fatigue are supported by the potential side effects of the pain and anti-inflammatory medications prescribed to and taken by Plaintiff. Allegations of fatigue must be discussed and analyzed, applying the

AO72A
(Rev. 8/82)

standards that relate to the similar, subjective complaint of pain. *Jackson v. Bowen, 873 F.2d 1111, 1114 (8th Cir. 1989)*. Likewise, the pain in Plaintiff's lumbar spine, hips and legs are consistent with the MRI findings (T. 212, 89, 151), as well as the existence and excision of the lipoma on Plaintiff's hip. Yet, at step five of the sequential analysis, the ALJ relied on the grids rather than VE testimony. This is error. The record plainly establishes substantial evidence of nonexertional impairments which warrant the reliance on VE testimony based upon hypothetical questions which reflect that ALJ's findings with respect to Plaintiff's impairments and residual functional capacity during the relevant time period.

Plaintiff alleged that he experienced fatigue and severe pain. The ALJ's failure to give no more than a cursory mention to Plaintiff's complaints of pain, and no mention to his complaints of fatigue, indicates that she failed to adequately consider/analyze these factors, and constitutes error. The ALJ clearly has a duty to produce a decision with a complete evaluation of Plaintiff's subjective complaints. Here, the ALJ's decision is in error because she: failed to properly evaluate Plaintiff's credibility; failed to properly evaluate Plaintiff's subjective complaints; failed to comply with the requirements of *Polaski*; and, failed to obtain the testimony of a vocational expert. Therefore, this case must be remanded.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991)*.

## Conclusion:

Accordingly, we conclude that the decision of the Commissioner denying benefits to the Plaintiff, is not supported by substantial evidence and should be reversed. This matter should be

-8-

remanded for proceedings consistent with this decision.

      ENTERED this 8th day of September, 2005.

                                         /s/Bobby E. Shepherd
                                         Honorable Bobby E. Shepherd
                                         United States Magistrate Judge

-9-

**AO72A**
**(Rev. 8/82)**